IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HUGH F. O'NEIL BARNES,
Petitioner,

-vs-

UNITED STATES OF AMERICA,
Respondent.

CIVIL ACTION No. 04-11422-RCL
CRIMINAL No. 99-10078-RCL
**HON. REGINALD C. LINDSAY**

**PETITION REQUESTING PERMISSION TO AMEND THE § 2255 PETITION, PURSUANT TO RULE 15, FED. R. CIV. P.**

**NOW COMES**, petitioner, Hugh F. O' neil Barnes, pro se, and respectfully asks this Honorable Court to append this amendment to the § 2255 currently pending before the court for disposition. Because the law which the petitioner gleans support from was not reasonably available to him at the time of the initial filing, and because the issue raised in the petitioner's appeal appears now to be in conformity with the United States Supreme Court's authoritative holding, such amendment is now necessary in fostering the interest of justice. In the petitioner's appeal he argued, inter alia, that the guidelines were indeed **de facto statutory minimums and maximums.**

As the Supreme Court now agrees, this prudent approach advanced by counsel there was the order of the day. Accord, Blakely v. Washington, 542 U.S. ___ (2004). The Blakely decision in revolutionizing the way courts sentence, only extended and fortified the court's earlier holdings of the Jones/Apprendi canons. Because of the importance of these landmark decisions, this amendment to the § 2255 is of valued importance, hence the court is respectfully entreated to indulge the petitioner and act accordingly.

MOTION TO AMEND PETITION FOR RELIEF PURSUANT TO 28 U.S.C.§2255

Petitioner Hugh Barnes moves to amend his petition pursuant to 28 U.S.C. §2255 to include the ground and argument set forth below.

In support of this motion to amend he states the following:

1.The decisions in Blakely v. Washington, 124 S.Ct. 2531 (June 24, 2004) and the other cases cited below were issued after he filed his petition.

2. Blakely and the other cases cited below set out an interpretation and application of Apprendi v. New Jersey, 530 U.S.466 (2000) that demonstrates that his sentence was imposed in violation of the Constitution of the United States.

3. Resentencing is required for this reason as well as the others set forth in his petition.

ADDITIONAL GROUND FOR RELIEF

Petitioner was denied his Fifth Amendment right to due process and his Sixth Amendment right to jury determinations at sentencing where the sentence imposed was based on findings of fact made by the judge using a preponderance of the evidence standard which increased the sentence above the relevant sentencing guideline range constituting the statutory maximum under Blakely v. Washington, 124 S.Ct. 2531 (June 24, 2004). This constitutional error requires vacation of his sentence and resentencing.

MEMORANDUM IN SUPPORT OF ADDITIONAL GROUND FOR RELIEF

The change of plea and sentencing proceedings make it clear that petitioner specifically reserved the right to contest drug quantity and did not stipulate to quantity. At sentencing he argued that Apprendi v. New Jersey, 530 U.S. 466 (2000) required that the court treat the guideline ranges as statutory maxima and, at minimum, required that the court make findings as

to quantity using the proof beyond a reasonable doubt standard. The Court of Appeals rejected those arguments.

On June 24, 2004 the United States Supreme Court decided Blakely v. Washington, 124 S.Ct. 2531 (June 24, 2004), holding that a legislatively promulgated sentencing guidelines system, similar to the United States Sentencing Guidelines, was unconstitutional in that it permitted a sentence above the presumptive guidelines range established by facts in a jury verdict or admitted by the defendant, based on fact finding by a judge using a preponderance of the evidence standard. Expanding upon Apprendi v. New Jersey, 530 U.S 466 (2000), the Court held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, supra, 124 S.Ct. at 2537 (emphasis in original). It is the maximum sentence the court can impose "without any additional findings" (*id.*)(emphasis in original). The Sixth Amendment right to trial by jury requires that a sentence above such a maximum be predicated on findings made by a jury applying the standard of proof beyond a reasonable doubt. While the majority stated that it was "express[ing] no opinion on [the federal sentencing guidelines]" (*id.*, 124 S.Ct. at 2538, n.9), dissenters suggested that there was no principled distinction to be made between the Washington system struck down in Blakely and the United States Sentencing Guidelines.

Since Blakely, a number of federal courts of appeals and district courts have addressed the question of its applicability to the United States Sentencing Guidelines. The Seventh, Eighth and Ninth Circuits have held that Blakely compels finding the United States Sentencing Guidelines unconstitutional in certain respects. See, e.g., United States v. Booker, 2004 WL 1535858 (7th Cir. July 9, 2004)(cert. granted, August 2, 2004) ("Blakely dooms the guidelines

insofar a s they require that sentences be based on facts found by a judge."(id., at *2); "...the guidelines...in cases...in which they limit defendants' rights to a jury and to the reasonable-doubt standard...violate the Sixth Amendment as interpreted by Blakely" (id., at *4)); United States v. Mooney, 2004 WL 1636960 (8th Cir. July 23, 2004)(rehearing en banc granted) (Blakely applies to the United States Sentencing Guidelines and renders enhancements based on facts found by a judge by a preponderance of the evidence unconstitutional (id., at *12)); United States v. Ameline, 2004 WL 1635808 (9th Cir. July 21, 2004) ("the Sixth Amendment right announced in Blakely applies to sentences imposed pursuant to the Federal Sentencing Guidelines"(id., at *8)).

The Fifth Circuit has held that Blakely does not apply to the United States Sentencing Guidelines (United States v. Pineiro, 2004 WL 1543170 (5th Cir. July 12, 2004)). The Second Circuit has certified questions concerning Blakely's applicability to the United States Sentencing Guidelines to the United States Supreme Court (United States v. Penaranda, 2004 WL 1551369 (2nd Cir. July 12, 2004)).

A number of district courts have also addressed the applicability of Blakely to the United States Sentencing Guidelines and found the guidelines to be unconstitutional in part or in whole. See, e.g., United States v. Mueffleman, 2004 WL 1672320 (D.Mass. July 26, 2004); United States v. Zompa, 2004 WL 1663821 (D.Me. June 26, 2004); United States v. Terrell, 2004 WL 1661018 (D.Neb. July 22, 2004); United States v. Marrero, 2004 WL 1621410 (S.D.N.Y. July 21, 2004); United States v. King, No.6:04-cr-35-Orl-31KRS (M.D.Fla. July 19, 2004); United States v. Einstman, 2004 WL 1576622 (S.D.N.Y. July 14, 2004); United States v. Croxford, 2004 WL 1462111 (D. Utah June 29, 2004), 2004 WL 1551564 (D. Utah July12, 2004); United States v. Harris, 2004 WL 1622035 (W.D.Pa. July 12, 2004); United States v. Shamblin 2004

WL 1468561 (S.D.W.Va. June 30, 2004).

For the reasons set forth in the opinions cited above, petitioner submits that *Blakely* renders the United States Sentencing Guidelines unconstitutional in that they permit the imposition of sentences above the relevant statutory maximum (the maximum the judge can impose without findings beyond those either made by a jury by proof beyond a reasonable doubt or admitted by the defendant) based on factual findings made by a judge based on a preponderance of the evidence, all in violation of the Sixth and Fifth Amendments to the United States Constitution.

This case presents a stark example of why the beyond a reasonable doubt standard must be applied. Accordingly, petitioner submits that his sentence should be vacated and the case should be remanded for resentencing, with all facts concerning quantity and role in the offense to be determined using the standard of proof beyond a reasonable doubt.

**CONCLUSION**

Based on the foregoing stated, and as argued in the opening petition, the petitioner says resentencing is the appropriate remedy. Of course, without the enhancements and the judicial fact-findings of the drug type and quantity, by a preponderance of the evidence standard of proof. Alternatively, the court is asked to convene a resentencing hearing, but this time, based on a higher standard of proof, viz-a-viz, beyond a reasonable doubt, either by the court or a duly convened jury; or whatever remedy the Honorable Court finds fitting in order to comply with the dictates of Blakely, and the 5th and 6th Amendments.

Respectfully submitted,

Hugh F. O'neil Barnes

Pro Se petitioner
FCI Elkton
P.O. BOX 10
Lisbon, Ohio 44432

August 18, 2004.

CERTIFICATE OF SERVICE

It is on this day, and sworn to that a true and correct copy of the foregoing amendment to the § 2255 was sent to the U.S. Attorney's office.

August 18, 2004.

Hugh F. O' neil Barnes